**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>AMARJIT K. GILL  )<br>        Defendant.  )  | Case No. 4:18-cv-04032 |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Amarjit Gill to reduce to judgment and collect outstanding civil penalties assessed against Amarjit Gill for her non-willful failure to timely report her financial interest in foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq*.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff.  Further, upon completion of service of process, this Court will have personal jurisdiction over Amarjit Gill pursuant to Fed. R. Civ. P. 4(k).

1

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Amarjit Gill is a United States citizen whose last known address was in Spring, Texas. Alternatively, venue may be proper under 28 U.S.C. §§ 1391(c) and 1395.

## AMARJIT GILL'S' FAILURE TO TIMELY REPORT HER FINANCIAL INTEREST IN HER FOREIGN BANK ACCOUNTS

3. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2005 through 2010 years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

***Amarjit Gill had had a financial interest or signature authority over several foreign bank accounts for each of the years at issue.***

5. In 1984, Amarjit Gill became a green card holder and lawfully admitted into the United States for legal residence. In 2008, Amarjit Gill became an United States' Citizen.

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form is April 15. Pub. L. No. 114-41, § 2006(b)(11).

Amarjit Gill failed to report her interest or signature authority for any of the foreign bank accounts on her 2005 through 2010 income tax returns.  Gill's 2005-2010 Form 1040 federal tax returns listed her address as Spring, Texas.

6. In 1978 Amarjit Gill bought 100% of David Blouse Company Ltd ("DCBL"). During the 2005-2010 tax years, Amarjit Gill was the 100% owner of DCBL.

7. In 2005, Amarjit Gill had signature authority, control or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Account owner | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | $10,288 | Amarjit Gill | United Kingdom |
| Barclays Bank | XXXX3052 | $291 | DCBL | United Kingdom |

8. In 2006, Amarjit Gill had signature authority, control or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Account owner | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | $21,329 | Amarjit Gill | United Kingdom |
| Barclays Bank | XXXX3052 | $11,710 | DCBL | United Kingdom |

9. In 2007, Amarjit Gill had signature authority, control or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Account owner | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | $11,938 | Amarjit Gill | United Kingdom |
| Barclays Bank | XXXX3052 | $33,432 | DCBL | United Kingdom |
| Barclays Bank | XXXX4108 | $113,949 | DCBL | United Kingdom |

10. In 2008, Amarjit Gill had signature authority, control or authority over, or a direct or indirect interest in foreign bank accounts as follows:

| Bank Name | Account Number | Account owner | Maximum Balance | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | Amarjit Gill | $32,293 | United Kingdom |
| Barclays Bank | XXXX3052 | DCBL | $24,535 | United Kingdom |
| Barclays Bank | XXXX7799 | DCBL | $117,917 | United Kingdom |
| HSBC | XXXXXXX7007 | Amarjit Gill | $174,246 | United Kingdom |

11. In 2009, Amarjit Gill had signature authority, control or authority over, or a direct or indirect interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Account owner | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | $144,782 | Amarjit Gill | United Kingdom |
| HSBC | XXXXXXX7007 | $149,283 | Amarjit Gill | United Kingdom |

12. In 2010, Amarjit Gill had signature authority, control or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Account owner | Bank Location |
| --- | --- | --- | --- | --- |
| Barclays Bank | XXXX3279 | $256,685 | Amarjit Gill | United Kingdom |
| HSBC | XXXXXXX7007 | $123,719 | Amarjit Gill | United Kingdom |

13. During 2005 and 2006, Amarjit Gill, had a financial interest in, or signature authority over, two accounts at Barclays Bank. The account numbers for the Barclays Bank accounts ended in 3279 and 3052.

14. During 2007, Amarjit Gill, had a financial interest in, or signature authority over, three accounts at Barclays Bank. The account numbers for the Barclays Bank accounts ended in 3279, 3052 and 4108.

15. During 2008, Amarjit Gill, had a financial interest in, or signature authority over, three accounts at Barclays Bank and one account at HSBC Bank. The account numbers for the Barclays Bank accounts ended in 3279, 3052 and 7799. The account number for the HSBC account ended in 007.

9. During 2009 and 2010, Amarjit Gill, had a financial interest in, or signature authority over, one account at Barclays Bank and one account at HSBC Bank. The account number for the Barclays Bank accounts ended in 3279. The account number for the HSBC account ended in 007.

10. During 2005 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $10,579.

11. During 2006 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $33,039.

12. During 2007 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $159,319.

13. During 2008 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $348,991.

14. During 2009 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $294,065.

15. During 2010 the highest monthly aggregate balance of Amarjit Gill's foreign accounts was $380,404.

*Amarjit Gill' failure to disclose the foreign accounts was non-willful.*

16. Amarjit Gill filed Form 1040 U.S. Individual income tax returns for the 2005 2010 tax years.

17. During 2005-2010, Amarjit Gill was a United States person as defined in 31 C.F.R. § 1010.350.

18. In 2005 - 2010, Amarjit Gill had a financial interest in, and signatory authority over, all the accounts listed above. Most of these accounts had account balances exceeding $10,000. The aggregate balance in all of Gill's foreign accounts exceeded $10,000. Thus, on or before June 30, 2006 – June 30, 2011, Amarjit Gill was required to file an FBAR reporting her interest in these foreign bank accounts for 2005 - 2010, respectively.

19. Amarjit Gill failed to timely file FBARs for 2005 - 2010 regarding the foreign bank accounts.

20. Amarjit Gill's failure to timely report her financial interest in the foreign bank accounts was non-willful.

21. Amarjit Gill failed to include a Schedule B as part of her income tax return for every year from 2005 through 2010.

22. Amarjit Gill failed to disclose her interest in any foreign accounts to her tax return preparers for her 2007 return.

23. Amarjit Gill also failed to file FBAR reports for 2005 through 2010 despite knowing she had an interest in foreign bank accounts.

24. Amarjit Gill's foreign bank accounts generated income taxable in the United States that was not reported on her federal income tax returns for 2005 through 2010.

25. Amarjit Gill's unreported income from the foreign bank accounts created deficiencies in her income taxes for each year from 2005 through 2010.

*Amarjit Gill's 2005 through 2010 FBAR Penalty assessments*

26. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a willful failure to comply with the reporting requirements of Section 5314 – *i.e,* when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the non-willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is $10,000. 31 U.S.C. § 5321(a)(5)(B)(i).

27.     Due to Amarjit Gill's non-willful failure to timely file FBARs reporting her financial interest in the foreign bank accounts listed above, a delegate of the Treasury Secretary assessed penalties against her pursuant to 31 U.S.C. § 5321(a)(5) as follows:

| Tax Year | Amount of Assessment | Date of Assessment |
|---|---|---|
| 2005 | $1,000 | 10/28/2016 |
| 2006 | $1,000 | 10/28/2016 |
| 2007 | $9,537 | 10/28/2016 |
| 2008 | $15,683 | 10/28/2016 |
| 2009 | $10,000 | 10/28/2016 |
| 2010 | $15,000 | 10/28/2016 |
| Total | $52,220 | |

28.     The IRS assessments of the 2005 – 2010 FBAR penalties were timely.  Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation.  The date of the violations for statute of limitations calculations is the date the Form TD F 90-22.1 is due, which is June 30 of the subsequent calendar year.  For example, the FBAR for the earliest year at issue the 2005 year was due on June 30, 2006.  Thus, the statute of limitations for assessment for 2005 was June 30, 2012.

29.     However, Amarjit Gill signed several consents to extend the time to assess Civil Penalties provided by 31 U.S.C. § 5321 for FBAR violations (FBAR penalties) for the 2005 - 2010 years.  Amarjit Gill extended the statute of limitation for assessment for FBAR penalties to December 31, 2017. Accordingly, the IRS must assess the FBAR penalties for the 2005-2010 year before December 31, 2017.  The FBAR penalties for 2005-2010 were timely assessed on October 28, 2016.

30.     A delegate of the Treasury Secretary also gave Amarjit Gill notice and demand of the penalty assessments for 2005 through 2010.

7

31. Despite the notice and demand for payment, Amarjit Gill has failed to pay the 2005 through 2010 FBAR penalties assessed against her. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

32. As of September 1, 2017, Amarjit Gill owed the United States $55,304.55 in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

33. Likewise, this suit is timely because it was commenced within two years of the assessment date. Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment. Since the FBAR penalties for 2005 -2010 were assessed on October 28, 2016, the United States has until October 29, 2018,[2] to timely file this suit.

WHEREFORE, the United States of America requests as follows:

1. That the Court enter judgment in favor of the United States against Amarjit Gill for her 2005 through 2010 FBAR penalty assessments in the aggregate amount of $55,304.55 as of September 1, 2017, plus accruals and such other and further relief as the Court deems just and proper; and

2. That the United States shall recover a surcharge of 10% of the amount of the debt as authorized under 28 U.S.C. § 3011 for using pre-judgment and/or post judgment debt collection remedies under 28 U.S.C. § 3101 et seq., and 28 U.S.C. § 3201 et seq., respectively.

---

[2] October 28, 2018, is a Sunday. Therefore, this Complaint is due on October 29, 2018. Fed. R. Civ. P.6 (a)(1)(C).

RYAN K. PATRICK
United States Attorney

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
JON E. FISHER
State Bar No. 550177-MA
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9754; (214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov
Jon.Fisher@usdoj.gov
ATTORNEYS FOR UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
Amarjit K. Gill

**(b)** County of Residence of First Listed Plaintiff: 
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Herbert W. Linder, U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400, Dallas, TX 75201
(214) 880-9754

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- [X] 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC Sections 5314 and 28 USC Sections 3001 and 3011

Brief description of cause:
Seek judgment regarding outstanding federal penalty assessments for failure to report interest in foreign accounts

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 55,304.55

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE:     DOCKET NUMBER:

DATE: 10/24/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Herbert W. Linder

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.  Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.